## The STATE of Ohio

### v.

### EBERLE.

Hamilton County Municipal Court, Ohio.

No. C00CRB19531.

Decided Aug. 31, 2000.

*Richard D. Guinan,* Hamilton County Assistant Prosecuting Attorney, for the state of Ohio.

*Joseph L. Emmrich,* Hamilton County Public Defender, for defendant.

ELIZABETH B. MATTINGLY, Judge.

Defendant Barry W. Eberle is charged with carrying a concealed weapon in violation of R.C. 2923.12. He has filed a motion to suppress evidence based on lack of probable cause to arrest him on this charge. The parties have stipulated that there is no search warrant in this case. There is little dispute as to the facts.

On May 17, 2000, at approximately 9:00 p.m., Officer Paul Naber observed defendant on Beechmont Avenue without the required Hamilton County sticker on his license plate. Before he stopped the vehicle, Officer Naber ran a check on the subject's history and observed a prior arrest for minor misdemeanor drug abuse and a caution indicator.

He approached the car and asked whether defendant had any "weed" in the vehicle, to which defendant responded that he did not. Officer Naber then observed a pocket knife in plain view on the dashboard and asked to see defendant's license and registration. Defendant was extremely cooperative throughout the encounter. He stated that he did not have his license on his person but gave the officer his Social Security number.

Officer Naber then returned to his police vehicle and ran a new check using defendant's Social Security number, confirming that there were no outstanding warrants. During this period, defendant remained seated in his vehicle, as the officer had instructed. The officer then returned to defendant's vehicle and again asked whether he had any contraband in the vehicle. He did not ask defendant whether he could search the vehicle, but defendant said that he would open the doors for the officer to look. Defendant then started opening the car doors. Apparently, he took this action because at least one of the doors was broken and could not be opened from the outside. Defendant was ordered by the officer to get out of the car and remain at the rear of the vehicle during the search.

While searching the vehicle, including the trunk, Officer Naber located a length of thick service cable wrapped on one end with tape. At the suppression hearing, Officer Naber testified that defendant, at this point, stated that his father was a former police officer and that the length of cable was "his Plan B." Defendant denied making this statement, noting that his father has never been a police officer.[1]

---

1. This factual dispute is not significant for purposes of this motion.

■ The parties agree that Officer Naber never advised defendant that he was free to go once he had completed a check of defendant's license and warrant status. Defendant admits that when the officer came back the second time, he did consent to have him search the vehicle. He further testified that he did not feel free to deny the search of the vehicle and thought he was simply going to get a traffic ticket and be on his way.

The state argues that defendant consented to the search at issue. The defense urges that while the officer had reasonable, articulable suspicion to stop defendant's vehicle, he had no authority to detain and question him after Officer Naber had confirmed the valid status of defendant's license and the lack of outstanding warrants.

The court finds that the decision of the First Appellate District in *State v. Creech*, (June 7, 2000), Hamilton App. No. C–990781, unreported, is applicable. In *Creech*, the court stated:

"When a vehicle is lawfully stopped, a police officer 'may detain a motorist for a period of time sufficient to run a computer check of his license, registration, and vehicle plates and to issue him a warning and citation,' all routine procedures. The officers cannot, however, engage in manipulative practices beyond the scope and purpose of the initial stop and undertake a 'fishing expedition' for evidence of a crime. Thus, if the reason for the initial stop has been dispelled and 'there has been no violation of the law, then the officer has no authority to demand the driver's license, registration papers, or to check the VIN [vehicle identification number].' " (Footnotes omitted.)

■ As the court noted in *Creech*, the reasonableness of a detention depends upon the totality of the circumstances and the facts of each case. Further, the purpose of the exclusionary rule is to remove the incentive to violate the Fourth Amendment and thereby deter police from performing future unconstitutional searches and seizures.

Applying these concepts to the facts here, the court finds that Officer Naber initially properly stopped defendant for a license plate violation; that he took reasonable measures to assure his personal safety when he first encountered defendant; that he had no concerns regarding safety when he approached defendant's vehicle for the second time; and that once Officer Naber ran defendant's Social Security number and confirmed that he was validly licensed, it was unreasonable for him to further detain the defendant for the purpose of obtaining consent to search for contraband, absent a reasonable and articulable suspicion that he was carrying contraband items. The only basis of any such suspicion in this case is the fact that the officer knew that defendant had once been convicted of a minor misdemeanor drug abuse. That record alone cannot

constitute reasonable, articulable suspicion for a continued detention. As a result, whatever consent defendant gave when he was unconstitutionally detained cannot validate the subsequent search that occurred in this matter. See, also, *State v. Beaton,* (Nov. 21, 1994), Warren App. No. CA94–03–036, unreported, 1994 WL 650048; *State v. Retherford* (1994), 93 Ohio App.3d 586, 639 N.E.2d 498; *State v. Bell* (Oct. 18, 1995), Hamilton App. No. C–950088, unreported, 1995 WL 610687. Cf. *State v. Burdick* (May 26, 2000), Geauga App. No. 98–G–2209, unreported, 2000 WL 688729.

While the court is cognizant that the ticket in question had not yet been written when consent to search was allegedly given, the reality is that the officer had completed all the steps necessary to issue the traffic ticket in question. His failure to promptly issue the citation cannot justify further unconstitutional detention of the defendant herein.

For the above-stated reasons, the court grants defendant's motion to suppress evidence seized as a result of the search at issue.

*Motion granted.*

